# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Corehouse LLC** ) | |
| 3365 Richmond Road #230 ) | Case No. 1:17-cv-1682 |
| Beachwood, OH 44122 ) | |
| ) | Judge |
| Plaintiff, ) | |
| ) | Magistrate |
| v. ) | |
| ) | |
| **Chorus Fitness, Inc.** ) | **COMPLAINT FOR** |
| 300 Brannan Street ) | **DECLARATORY JUDGMENTS OF** |
| Suite 410 ) | **NONINFRINGEMENT AND INVALIDITY,** |
| San Francisco, CA 94107 ) | **AND TORTIOUS INTERFERENCE** |
| ) | **WITH A CONTRACTUAL** |
| and ) | **RELATIONSHIP** |
| ) | |
| **John Doe 1 through 10** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

NOW COMES Plaintiff, *Corehouse LLC*, for its Complaint against the Defendants, *Chorus Fitness, Inc.* and *John Does 1 through 10*, alleges and avers the following:

## THE PARTIES

1. Plaintiff, Corehouse LLC, is a limited liability company organized under the laws of Ohio, and has its principal place of business in Beachwood, Ohio, which is in Cuyahoga County and does business under the name Corus Fitness.

2. Plaintiff currently owns and operates a fitness studio in Beachwood, Ohio that offers various exercise programs including Pilates and Lagree™ Fitness Method full-body low impact workouts that are proctored by trained instructors. This is a first location in Plaintiff's business plan and it may expand to many other locations. Plaintiff further operate a website under the URL www.corusfitness.com. As part of the Plaintiff's current operation and plans for growth

it further utilizes a private labelled scheduling application operated by MindBody®, a software service provider that provides mapping and scheduling applications for use through smartphones. The MindBody® provided cell phone application named CORUS FITNESS used by Plaintiff is provided through the Apple® Corporation App-Store as well as the Google® Play apps store. The CORUS FITNESS smart phone application allows Plaintiff's customers to plan and schedule classes, as well view promotional materials.

3. On information and belief, Defendant Chorus Fitness, Inc. ("Chorus") is a Delaware corporation having a principal place of business in San Francisco, California.

4. On information and belief, the Defendants John Does 1 through 10 are unknown persons working on behalf of Defendant Chorus, who fraudulently interfered with Plaintiff's contractual relationship with Apple, Inc. and MindBody®.

5. According to the public records at the U.S. Trademark Office, Defendant is the applicant of U.S. Trademark Application No. 87/340711 for the mark CHORUS.

6. According to the publically available records of the U.S. Trademark Office, Defendant Chorus's "CHORUS" trademark was filed as an Intent to Use Application, indicating that has not yet been used in commerce as an identifier for the applied for goods or services.

7. Further according to the publically available records of the U.S. Trademark Office, Defendant Chorus's "CHORUS" Trademark Application has been refused registration under Section 2(d) of the Trademark Act as being likely to be confused with a prior registration, U.S. Trademark 3960327 for the mark CHORUS® owned by Envio Networks, Inc.

**JURISDICTION AND VENUE**

8. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of Defendant Chorus's alleged "CHORUS" trademark. A judicial declaration that Defendant Chorus's claims of trademark rights are invalid or that the Plaintiff

has not infringed any valid claim of the Defendant Chorus's trademark rights is necessary and appropriate at this time so that Plaintiff may ascertain its rights and duties with respect to Defendant Chorus's trademark rights.

9. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, and 1338 as a declaratory judgment action arising under the Lanham Act, Title 17 of the United States Code.

10. This Court has personal jurisdiction over Defendants by virtue of Defendants' conduct within the State of Ohio, within this judicial district. Defendants' conduct has included issuing a cease and desist letter to Plaintiff at its offices in Beachwood, OH, within this judicial district, which invokes personal jurisdiction in the Northern District of Ohio.

11. This Court has supplemental jurisdiction over the included state law claim(s), by virtue of the fact that the state law claims and federal law claims arise from the same transactions and circumstances.

12. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise the claim occurs is situated in this District.

**FACTUAL ALLEGATIONS**

13. Plaintiff received a cease and desist letter dated June 30, 2017. (See a true and accurate copy of the cease and desist letter, attached as "Exhibit 1.")

14. This letter was sent by Attorney Sally M. Abel, Esq. of Fenwick & West, LLP on behalf of Defendant Chorus.

15. In the letter received by Plaintiff, allegations are made that Plaintiff's use of "Corus Fitness" infringes upon Defendant Chorus's trademark rights in the name "CHORUS".

16. Defendant's attorney, in the cease and desist letter, emphasizes that Defendant's rights stem from priority filing in the European Union as of September 2, 2016.

17. Plaintiff has been using the mark "CORUS FITNESS" in commerce since approximately October of 2016 in the fields of fitness classes, mobile applications, and related fitness services.

18. Defendant Chorus's application for trademark registration was denied on or about May 7, 2017.  (See a copy of the Office Action for trademark serial number 87340711, attached as "Exhibit 2.")

19. Defendant Chorus's trademark application was rejected based on a likelihood of confusion with a prior registered mark, namely, Registration No. 3960327 for "CHORUS".  (See "Exhibit 3")

20. Plaintiff operated a mobile application for Apple's iOS platform and through the Google Play marketplace using the name "Corus Fitness". (See "Exhibit 4")

21. On information and belief, on or about June 29, 2017, Apple received a complaint from Defendant Chorus and/or Defendants John Does requesting that Apple remove Plaintiff's app from the iOS App Store based on infringement of Defendant Chorus's trademark rights. (See a true and accurate copy of email correspondence between Apple, developer Mind Body Online, and Plaintiff, attached as "Exhibit 5".)

22. On information and belief, Apple subsequently removed Plaintiff's mobile application from the iOS App Store as a direct result of these allegations.

23. Given that Defendant Chorus's cease and desist letter has alleged infringement and threatened litigation, Plaintiff files this action to ascertain its rights with respect to non-infringement and invalidity of the Defendant Chorus's 87/340711 trademark application.

### CLAIM NO. 1
*(Declaratory Judgment of Noninfringement against Defendant Chorus)*

24. Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

25. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the trademark laws of the United States, 17 USC §1 *et seq.,* and seeks a declaratory judgment that Plaintiff has not and does not infringe any trademark rights of Defendant Chorus.

26. Defendant Chorus purports to have trademark rights in the mark "Chorus Fitness".

27. On information and belief, Defendant Chorus has caused to have issued or otherwise knows that a cease and desist letter has been issued to Plaintiff alleging infringement of Defendant Chorus's rights in the mark.

28. Plaintiff does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable trademark right of the Defendant Chorus, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any trademark right of Defendant Chorus.

29. A judicial declaration is necessary under the circumstances to resolve this controversy.

30. Plaintiff requests a declaratory judgment that it does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any trademark right of Defendant Chorus, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable trademark rights of Defendant Chorus.

### CLAIM NO. 2
*(Declaratory Judgment of Invalidity against Defendant Chorus)*

31. Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

32. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the trademark laws of the United States, 17 USC § 1 *et seq.,* and seeks a declaratory judgment that Defendant Chorus's rights in "CHORUS" are invalid and/or unenforceable.

33. Defendant Chorus purports to have trademark rights in the term "CHORUS".

34. On information and belief, Defendant Chorus has caused to have issued or otherwise knows that a cease and desist letter has been issued to Plaintiff alleging infringement of its trademark rights.

35. Defendant Chorus's trademark rights in "CHORUS" are and have been invalid and void on the grounds that it has failed to achieve the secondary meaning necessary to entitle Defendant Chorus to common law trademark rights.

36. On information and belief Defendant Chorus is not currently using the mark "CHORUS" in commerce within the state of Ohio, nor does Defendant Chorus have a federal trademark registration in the mark.

37. Defendant Chorus has not established the secondary meaning required to entitle it to common law trademark protections due, in part, to the fact that many companies use variations of "chorus" and "core" in relation to fitness services, as detailed in the USPTO's rejection of the Defendant Chorus's trademark application.

38. A judicial declaration is necessary under the circumstances to resolve this controversy. Plaintiff is entitled to a declaratory judgment that Defendant Chorus's trademark rights in the term "CHORUS" are invalid.

### CLAIM NO. 3
*(Tortious Interference with a Contractual Relationship against Defendant John Doe)*

39. Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

40. This claim arises under the common law of the State of Ohio, and this court has proper supplemental jurisdiction over this claim because this claim arises out of the same transactions and occurrences as the above claims.

41. Ohio recognizes a tort of tortious interference with a contractual relationship. *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 418 (1995).

42. To recover for such a tort, Plaintiff must show "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Id.,* 419.

43. By virtue of Plaintiff's application being hosted and offered for sale through the iOS App Store, Plaintiff and Apple had entered into a contractual relationship.

44. Defendant Chorus and/or Defendants John Does knew of this contract, evidenced by his or her efforts to remove the app from the iOS App Store.

45. On information and belief, Defendants Chorus and/or Defendants John Does intentionally interfered with the contractual relationship between Plaintiff and Apple, with respect to Plaintiff's app "Corus Fitness" on the iOS App Store.

46. On information and belief, Defendants Chorus and/or Defendants John Does did so under the guise of Plaintiff's app infringing upon Defendant Chorus's trademark rights. Nevertheless, Defendant Chorus's trademark application was rejected by the USPTO. Thus, Defendant Chorus and/or Defendants John Doe improperly interfered with the contractual relationship between Plaintiff and Apple, and between Plaintiff and MindBody®, based on a rejected trademark application, and the interference thus lacked justification.

47. As a result of this interference, Plaintiff's app was removed from the Apple iOS App Store, depriving Plaintiff of both profits and market share. On the Apple iPhone platforms, users cannot install mobile applications without going through Apple's proprietary App Store.

48. As a result of this interference, Plaintiff has been unable to distribute its app on Apple's mobile platform entirely.

49. Plaintiff's reputation and income have been harmed as a direct result of Defendants John Does' tortious actions.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

Plaintiff prays that this Court to enter an Order in favor of Plaintiff and against the Defendants, including, but not limited to:

A) A declaratory judgment that none of Plaintiff's actions infringe or have infringed, either directly or indirectly, or contributorily, any valid trademark rights of Defendant Chorus;

B) A declaratory judgment that Defendant Chorus' trademark rights, if any, are invalid;

C) A finding that Defendants Chorus and/or John Does committed the tort of tortious interference with a contractual relationship by intentionally and improperly interfering with the contractual relationship between Plaintiff and Apple, Inc.;

D) A finding that Defendants Chorus and/or John Does committed the tort of tortious interference with a contractual relationship by intentionally and improperly interfering with the contractual relationship between Plaintiff and MindBody®;

E) A declaration that this case is exceptional under 15 USC §1117 and award Plaintiff its attorney's fees, costs, and expenses incurred in this action; and,

F) Any further relief in law or equity that this honorable Court deems just and appropriate.

Respectfully Submitted,

**s/ John D. Gugliotta**
**JOHN D. GUGLIOTTA (0062809)**
*Law Offices of John D. Gugliotta, P.E., Esq. LPA*
55 S. Miller Road, Ste. 203
Akron, Ohio 44333
Tel.   (330) 253 – 2225
Fax   (330) 253 – 6658
johng@pctlawgroup.com

<u>**s/ Stephen Zashin**</u>
**STEPHEN S. ZASHIN (0064557)**
*Zashin & Rich Co., LPA*
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Tel. (216) 696 – 4441
Fax (216) 696 – 1618
ssz@zrlaw.com

*Counsel for the Plaintiff*